Desmond, J.
(dissenting). As both courts below held, plaintiff failed to sustain his burden of proof. His allegations as to invalidity of the 1949 tax were two: first, that there was a failure to comply with so much of section 69 of the Tax Law as required posting in five conspicuous places; and, second, that the notice as posted did not contain the statements required by that section as to the various times and places when and where the collector would attend for the collection of the taxes. Actually, plaintiff made no proof whatever of either of those assertions.
1. As to the number of places where the notice was posted-. the undisputed and only testimony on the subject was that of the collector, called as plaintiff’s witness, who swore that he personally saw the notices posted up in six places.
2. As to the alleged deficiency in content of the notices-, here again the only testimony was that of the collector. He was unable (the trial was held six years after the notice was given) to produce a copy of the notice as posted. He did produce a paper marked as Exhibit A, but as plaintiff’s counsel frankly and correctly tells us in his brief on this appeal: ‘£ This exhibit was not offered as one of the statements posted for the year 1949 but merely as being one similar to the statements used at that time.” (Italics supplied.) The result was that the record does not disclose what the contents were of the notices as posted.
At the very best for plaintiff, there was a question of fact as to the notice itself being deficient in content, and both courts below answered that question in favor of defendant. Since *55 plaintiff has failed factually to prove his allegations, no other question of law need be discussed.
The judgment should be affirmed, with costs.
Froessel, Van Voorhis and Burke, JJ., concur with Conway, Ch. J.; Desmond, J., dissents in an opinion in which Dye and Fuld, JJ., concur.
Judgments reversed, etc. Motion to permit inspection of subject property denied.